UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDUL AZEEM MOHAMMED**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES OF AMERICA, et al.**, <br><br> Defendant. | Case No. 23-cv-788 (CRC) |

## MEMORANDUM OPINION

Plaintiff, a resident of Naperville, Illinois, filed this *pro se* lawsuit against the Attorney General and the Associate Attorney General of the United States, both United States Senators from Illinois, a United States Attorney and an Assistant United States Attorney, forty-five judges of the U.S. District Court for the Northern District of Illinois ("Northern District") and the Seventh Circuit Court of Appeals, the Clerk of Court for the Northern District, and "members of the Executive Committee of the [Northern District] in their individual capacities." The case was originally filed in the Superior Court of the District of Columbia before being removed by the Defendants to this Court because it ostensibly raised a federal question and the government certified that each named defendant was acting in their official capacity as federal employees at the time of the alleged incidents.[1] Notice of Removal, Ex. B; 28 U.S.C. § 2679(d)(2).[2]

This suit is a near-carbon copy of a suit previously dismissed by this Court against some of the same defendants. Mohammed v. Biden, No. 22-cv-3489, 2023 WL 183674 (D.D.C. Jan.

---

[1] Plaintiff moved to remand but offered no cogent justifications for doing so. That motion is denied in a separate order. Op. and Order (June 15, 2023).

[2] As required by Section 2679(d)(2), the United States is substituted for the named defendants.

1

13, 2023) (suing President Biden, the U.S. Attorney General and Associate Attorney General, the U.S. Senators from Illinois, and the Director of the Administrative Office of the United States Courts for the same thirteen claims).  As before, the crux of Plaintiff's allegations is that several federal judges acted corruptly by ruling against and sanctioning him, and that fellow judges and other government officials aided in that corruption by failing to investigate and remove those presiding judges.  Plaintiff seeks damages of $1,000,000 on each of the complaint's thirteen counts, various declaratory judgments chastising the Defendants, and an order directing some of the Defendant-judges to "file a judicial misconduct complaint" against the presiding Defendant-judges.

Plaintiff's newest complaint, likes its predecessor, is riddled with defects that necessitate its dismissal.[3]  See, e.g., Fontaine v. JPMorgan Chase Bank, 42 F. Supp. 3d 102, 107 (D.D.C. 2014) (K.B. Jackson, J.) (court may dismiss a complaint *sua sponte* when there is "no factual or legal basis for alleged wrongdoing by defendants" (internal quotation omitted)).

First, Plaintiff is barred by *res judicata* from bringing claims against the same defendants after previously losing those claims on the merits.  Taylor v. Sturgell, 553 U.S. 880, 892 (2008).  The Court has elsewhere documented Plaintiff's prolific litigation history, which includes several iterations of the current complaint.  Mohammed v. Biden, 2023 WL 183674 at *1.  To start, this Court already dismissed with prejudice each of the claims against the U.S. Attorney General and Associate Attorney General, and the two Illinois Senators.  Id.  Those claims are barred from being relitigated.  Further, Plaintiff has twice unsuccessfully sued the same forty-five judges of the Northern District and Seventh Circuit, the Clerk of Court for the Northern District, and the "Members of the Executive Committee of the [Northern District]" for the same thirteen claims.

---

[3] Government counsel has moved for an extension of time to file a motion to dismiss this case.  Defs.' Mot. for Extension of Time (June 13, 2023).  The Court denies that motion as moot.

Mohammed v. Pallmeyer, No. 22-cv-5786; Mohammed v. Pallmeyer, No. 22-cv-5937.  Both cases were dismissed with prejudice by the Executive Committee of the Northern District.  See Mohammed v. Pallmeyer, No. 22-cv-5786, ECF No. 6; Mohammed v. Pallmeyer, No. 22-cv-5937, ECF No. 7.  And a similar suit filed by Plaintiff against the Clerk of the Court for the Northern District and a smaller selection of the judges from the Northern District and Seventh Circuit was also dismissed with prejudice for failure to state a claim.  See Mohammed v. Bruton, No. 21-cv- 6054, ECF No. 6.  Plaintiff is precluded from bringing these claims again.

Second, as discussed when the Court first dismissed Plaintiff's complaint, members of Congress and federal judges enjoy absolute immunity for their official actions.  Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982).  Judicial immunity also extends to the Clerk of Court for the Northern District.  Sindram v. Suda, 986 F. 2d 1459, 1460 (D.C. Cir. 1993).  Plaintiff's complaint asserts violations based on the official actions, or the failure to take official actions, by each defendant, so the Court lacks jurisdiction over the two Illinois Senators, the Northern District and Seventh Circuit Judges named as defendants, and the Clerk of Court for the Northern District.

Third, Plaintiff sues a U.S. Attorney and an Assistant U.S. Attorney "for their continuous unlawful removal of all previous and pending cases from the State Courts to the District Court."  Compl. at 9.  But government officials are protected from liability so long as their official actions do not violate clearly established statutory or constitutional rights.  Pearson v. Callahan, 555 U.S. 223, 231 (2009).  The removal of a lawsuit from one court to another does not violate any such rights.

Fourth, Plaintiff again complains that the Attorney General and Associate Attorney General have failed to investigate illegal conduct on the part of the presiding judges.  The Court

still has no authority to review the Justice Department's exercise of its broad discretion to investigate or prosecute individual cases.  See Heckler v. Chaney, 470 U.S. 821, 831 (1985).

Lastly, granting Plaintiff the relief he seeks would require the Court to invalidate rulings issued by fellow district court judges or higher-level circuit judges, which it cannot do.  See 28 U.S.C. § 1291.  Nor does this Court have the authority to compel other judges to file judicial misconduct complaints.  See Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351–364.

For all these reasons, and more, the Court must again dismiss Plaintiff's complaint, and the case, with prejudice

A separate Order will follow.

CHRISTOPHER R. COOPER
United States District Judge

Date:   June 15, 2023